978 F.2d 1260
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Greg LOWE, Defendant-Appellant.
 No. 91-3668.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1992.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant, Greg Lowe, appeals from the revocation of his supervised release and his subsequent commitment to the custody of the Attorney General for a period of three years. Lowe argues that the district judge was under a misapprehension that he was a probation violator, and also urges that the new period of incarceration was disproportionate to his original custody sentence.
 
 
 2
 Upon review, we find no errors, and we affirm.
 
 I.
 
 3
 On July 26, 1988, Lowe pleaded guilty to one count of distributing lysergic acid diethylamide (LSD) and was sentenced to six months' custody to be followed by a three-year term of supervised release.[1]
 
 
 4
 While on supervised release, Lowe tested positive for cocaine on three separate occasions, which resulted in a revocation hearing being requested by the government. At the conclusion of the hearing, the court revoked the supervised release and sentenced Lowe to three years' custody.
 
 
 5
 Revocation of a period of supervised release is specifically provided for in 18 U.S.C. § 3583(e)(3), which reads:
 
 
 6
 (e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)--
 
 
 7
 ....
 
 
 8
 (3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony[.]
 
 
 9
 Although it is clear that the applicable statute provides for revocation and incarceration, the issue in this case is generated by a mistake in the April 27, 1990, order entered by the court after the revocation hearing. The order reads in its entirety:
 
 
 10
 This matter was before the court on April 27, 1990, for a hearing on the government's motion for revocation of defendant Greg Lowe's probation. Lowe was present at the hearing, and was represented by counsel. Based upon the Federal Probation Office's report, and Lowe's admission, that he violated the terms of his probation by testing positive for cocaine use while on probation, the court finds that he has violated the terms of his probation, and adjudges him to be a probation violator.
 
 
 11
 Accordingly, the court orders that he be committed to the custody of the Attorney General for a period of three (3) years.
 
 
 12
 IT IS SO ORDERED.
 
 
 13
 /s/ John M. Manos
 
 United States District Judge
 
 14
 (App. 3) (emphasis added).
 
 
 15
 Subsequently, the court sua sponte entered an amended order on September 21, 1990. The amended order reads:
 
 
 16
 This matter was before the court on April 27, 1990, for a hearing on the government's motion for revocation of defendant Greg Lowe's supervised release. Lowe was present at the hearing, and was represented by counsel. Based upon the Federal Probation Office's report, and Lowe's admission, that he violated the terms of his supervised release by testing positive for cocaine use while on supervised release, the court finds that he has violated the terms of his supervised release, and that it should be revoked.
 
 
 17
 Accordingly, the court orders that he be committed to the custody of the Attorney General for a period of three (3) years.[1]
 
 
 18
 IT IS SO ORDERED.
 
 
 19
 /s/ John M. Manos
 
 United States District Judge
 
 20
 (App. 4) (emphasis added).
 
 
 21
 If the court had not entered an amended order, we would find defendant's argument to be more persuasive. However, when the probation office requested the amended order, it was clear to the trial judge then, even if it was not clear earlier, that this was a case involving a revocation of supervised release. The matter was further clarified when the defendant filed a "Motion to Conform Order" on April 23, 1991. (App. 11). Although the title of this motion is cryptic, it is clear from its content that the defendant was claiming error as to the revocation and subsequent incarceration because of the reference to "probation" proceedings.[2] In his opinion denying the motion, the district judge clearly indicates that the first order's reference to probation was a clerical error. (App. 6).
 
 
 22
 The trial judge has the power sua sponte to correct such an error, as he did here. There is no merit to defendant's claim that this clerical error renders the revocation proceeding illegal.
 
 II.
 
 23
 Defendant's second argument is that, since his original custody sentence was only six months, his subsequent incarceration for three years for violation of the conditions of his supervised release was disproportionate. It may have been disproportionate, but it was not illegal. Title 18, United States Code, section 3583(e) specifically provides that when a term of supervised release is breached, the defendant may be required to serve in custody all or part of the term of supervised release. In fact, since the violation here involved possession of a controlled substance, the trial judge was required to impose a prison term of not less than one-third of the term of supervised release. 18 U.S.C. § 3583(g). We find no error; the court followed the dictates of the applicable statute.
 
 III.
 
 24
 Defendant's third argument charges the district court with erroneously revoking his term of release and imprisoning him, rather than finding him in contempt of court. (App. 13). This argument derives from a misconception of the legislative history of 18 U.S.C. § 3583(e)(3). When originally enacted as part of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, 98 Stat. 1837, 18 U.S.C. § 3583(e)(3) did contemplate contempt of court as the proper penalty for violating a condition of supervised release. H.R. REP. NO. 98-1030, 98th Cong., 2d Sess., reprinted in 1984 U.S.C.C.A.N. 3182, 3307-8. In 1986, however, 18 U.S.C. § 3583(e) was amended to include revocation as a possible penalty, Pub.L. No. 99-570, 100 Stat. 3207-7, and was amended again in 1988 to eliminate contempt as a possible penalty altogether, Pub.L. No. 100-690, 102 Stat. 4419. Because defendant was sentenced after these amendments took effect, contempt was no longer available for violating a condition of supervised release. The district court's revocation of defendant's term of supervised release is accordingly AFFIRMED.
 
 
 
 [1]
 On April 27, 1990, the court issued an order referring to Lowe's violation of the terms of his "probation." The Federal Probation office has since notified the court that Lowe was on "supervised release," and requested an amended order reflecting that fact. The three (3)-year period of incarceration imposed by this order shall be counted from April 27, 1990, the date of the original order
 
 
 [1]
 The plea and sentence took place in the Western District of Texas. Jurisdiction over the defendant was transferred subsequently to the Northern District of Ohio. 18 U.S.C. § 3605
 
 
 [2]
 In our opinion, the district judge was incorrect in characterizing this motion as one filed pursuant to Fed.R.Crim.P. 35(a). However, this error does not change the fact that what is involved here is only a clerical error